IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES CALHOUN-EL, # 160083 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  RDB-14-2926 |
| | * | |
| SHERIFF B. PARKER, | * | |
| | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending is James Calhoun-El Complaint pursuant to 42 U.S.C. § 1983, presenting claims arising from his five-hour confinement in a holding cell at the Circuit Court for Montgomery County, Maryland on September 4, 2014.  He is requesting $20,000 in compensatory and $20,000 in punitive damages. Calhoun-El has also filed a Motion to Proceed in Forma Pauperis which will be granted for the purpose of preliminary review of the Complaint.

### BACKGROUND

On September 4, 2014, Calhoun-El, who is an inmate at Western Correctional Institution ("WCI"), was awaiting a court hearing in Montgomery County.[1] Calhoun-El claims Sheriff Parker, who is sued in his individual capacity, ordered him stripped searched and to turn over his legal documents to be searched. (ECF 1, Ex. 1, pp. 2-3).  Parker told Calhoun-El that his legal papers would not be returned to him while he was awaiting his court hearing. Calhoun-El states he informed Parker that he needed his legal papers.  According to Calhoun-El, Parker told

---

[1] The Maryland Judiciary Case search website indicates that on September 4, 2014, a hearing was held in the Circuit Court for Montgomery County on Calhoun-El's Motion to Correct Illegal Sentence or in the Alternative Motion for Appropriate Relief. Calhoun-El was represented at the hearing by an assistant public defender.  On September 8, 2014, the Circuit Court denied the Motion. *See* http://casesearch. courts.state.md.us/inquiry/inquiryDetail.jis?caseId=26250C&loc=68&detailLoc=MCCR..

another inmate that Calhoun-El is a "cop killer" and will never get out of prison. (ECF 1-1 p. 3). Calhoun-El states that when returned to WCI, he noticed "numerous" legal documents had been lost or destroyed by Parker. Calhoun-El claims Parker violated his First Amendment rights.

## DISCUSSION

Calhoun-El filed his complaint under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

This Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants such as Calhoun-El. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

Calhoun-El is a frequent *pro se* litigator in this court and has raised denial of access claims in other cases.[2] Thus, Calhoun is undoubtedly aware the right of access to the courts guarantees the right to bring to court a grievance, and violation of that right occurs only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). To present a claim of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *See*

---

[2] *See e.g. Calhoun-El v. Watson*, RDB-12-2384 (D. Md. 2013); *Calhoun-El v. Maynard*, RDB-07-22- (D. Md. 2007).

*Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997), quoting *Lewis*, 518 U.S. at 355. Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Lewis*, 518 U.S. at 353–55.

In this matter, Calhoun-El claims Parker violated his First Amendment rights by depriving him of access to the courts. However, Calhoun-El does not state any actual injury resulted from the alleged denial of access to his legal papers for five hours. He does not specify which documents were lost or destroyed. Further, he does not specify the nature of his legal materials, why he needed them in the holding cell, or why his inability to access them in the holding cell impeded legal proceedings. Notably, Calhoun does not allege the lack of access to documents hindered him at his hearing or caused him to miss a filing deadline. In sum, his vague and conclusory allegations are insufficient to state a constitutional claim.

Insofar as Calhoun-El intends to raise claims for loss of property, he has failed to raise a claim cognizable federal action. Deprivation of personal property as alleged here does not offend due process if due process is satisfied by adequate post-deprivation state remedies. *See Parratt v. Taylor*, 451 U.S. 527, 543 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.

This case is frivolous, vexatious, and fails to state a claim upon which relief may be granted. Consequently, Calhoun-El will be assigned a "strike" under 28 U.S.C.§ 1915(g), which

occasions, the prisoner has filed an action in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury. This will be Calhoun-El's second strike under 28 U.S.C. § 1915(g).[3]

## CONCLUSION

This case will be denied with prejudice as frivolous and a strike will be assigned to Calhoun-El under 28 U.S.C. § 1915(g), by separate Order.


September 29, 2014    _____/s/_____
Date                                    RICHARD D. BENNETT
                                        UNITED STATES DISTRICT JUDGE

---

[3] Calhoun-El was assigned his first strike in *Calhoun-El v. Shearin*, Civil Action RDB-13-2056 (D. Md. 2013). The strike was incorrectly referenced as Calhoun-El's second strike under 28 U.S.C. § 1915(g).